**Fill in this information to identify the case:**

Debtor 1 _Daniel L Amy_____

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: _Eastern District of Pennsylvania_
_____ (State)

Case number _19-17522-pmm_____

## Official Form 410S1

# Notice of Mortgage Payment Change                    12/15

If the debtor's plan provides for payment of post-petition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

Name of creditor: _Community Loan Servicing, LLC_

Last 4 digits of any number you use to identify the debtor's account: _XXXXXX5894_

Court claim no. (if known): _10-1_____

Date of payment change:
Must be at least 21 days after date _04/01/2021_
of this notice

*Please note that this Notice of Mortgage Payment Change is being filed to ensure the court's record reflects the current payment amount under Debtors' Loan Modification Agreement recently entered into on 04/01/2021.*

New total payment: $ _1,000.47_____
Principal, interest, and escrow, if any

### Part 1 | Escrow Account Payment Adjustment

1. Will there be a change in the debtor's escrow account payment?

   ☒ No
   ☐ Yes. Attach a copy of the escrow account statement prepared in a form consistent with applicable non-bankruptcy law. Describe the basis for the change. If a statement is not attached, explain why: _____
   _____

   Current escrow payment: $_____    New escrow payment: $_____

### Part 2: | Mortgage Payment Adjustment

2. Will the debtor's principal and interest payment change based on an adjustment to the interest rate on the debtor's variable-rate account?

   ☒ No
   ☐ Yes. Attach a copy of the rate change notice prepared in a form consistent with applicable non-bankruptcy law. If a notice is not attached, explain why: _____
   _____

   Current interest rate _____ %    New interest rate: _____ %

   Current principal and interest payment: $ _____    New principal and interest payment: $ _____

### Part 3: | Other Payment Change

3. Will there be a change in the debtor's mortgage payment for a reason not listed above?

   ☐ No
   ☒ Yes. Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement. *(Court approval may be required before the payment change can take effect.)*

   Reason for change: _Loan Modification effective 4/1/2021_____

   Current mortgage payment: $ _1,220.27_____    New mortgage payment: $ _1,000.47_____

Debtor 1    Daniel L Amy
            First Name    Middle Name    Last Name        Case number (*if known*) 19-17522-pmm

| Part 4: | Sign Here |
|---------|-----------|

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box:*

☐  I am the creditor.

☒  I am the creditor's attorney or authorized agent.

**I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief:**

_/s/ Andrew M. Lubin_                                            Date April 9, 2021
Signature

Print:      Andrew              M.          Lubin, Esq.          Title        Attorney for Creditor
            First Name          Middle Name  Last Name

Company     Milstead & Associates, LLC

Address     1 E. Stow Road
            Number          Street

            Marlton                         NJ        08053
            City                            State     ZIP Code

Contact phone    (856) 482-1400             Email: alubin@milsteadlaw.com

Case 19-17522-pmm    Doc 55    Filed 03/18/21    Entered 03/19/21 11:32:38    Desc Main
Document    Page 1 of 2

## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>　　　Daniel L Amy,<br>　　　　　　Debtor, | Chapter 13 |
| Community Loan Servicing, Inc.,<br>　　　　　Secured Creditor,<br><br>Daniel L Amy,<br>　　　　　Debtor / Respondent,<br><br>and<br>SCOTT F. WATERMAN,<br>　　　　Trustee / Respondent | Case No.: 19-17522-pmm |

## **ORDER**

**AND NOW,** upon consideration of the Motion for Authorization to Enter into Final Loan Adjustment Agreement, it is hereby ORDERED that the Debtor is authorized to modify the mortgage on his residence in accordance with the Loan Adjustment Agreement attached as Exhibit A to the within Motion and Mortgagee may do so without there being any violation of the bankruptcy stay, or the provisions of 11 U.S.C. §362.

**IT IS FURTHER ORDERED** that in the event the parties enter into a loan modification, the Debtor shall (1) amend Schedules I and J to reflect any increase in monthly disposable income as a result of the loan modification, and (2) file an amended Chapter 13 plan reflecting the loan modification;

**IT IS FURTHER ORDERED** in so far as the loan modification provides for
reinstatement of the loan account and the elimination of the pre-petition arrears, THE
TRUSTEE SHALL MAKE NO FURTHER DISTRIBUTION TO THE LENDER on
account of the Lender's claim for pre-petition arrears.


**Date: March 18, 2021**

_Patricia M. Mayer_
_____
Patricia M. Mayer, U.S.B.J.


cc:    Andrew M. Lubin, Esquire
       MICHAEL J. MCCRYSTAL, Esquire
       SCOTT F. WATERMAN, Trustee
       Daniel L Amy

After Recording Return to:

Community Loan Servicing, LLC
Attn:  Collateral Department
4425 Ponce de Leon Blvd., 5th Floor
Coral Gables, FL  33146

_____ [Space Above This Line For Recording Data] _____

# LOAN ADJUSTMENT AGREEMENT
### (Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), is effective **04/01/2021**, between **DANIEL L AMY ("Borrower")** and **Fannie Mae a.k.a. Federal National Mortgage Association ("Lender") through the loan servicer Community Loan Servicing, LLC ("Servicer")**, and Mortgage Electronic Registration Systems, Inc.("MERS") ("Mortgagee") amends and supplements (1) the Mortgage (the "Security Instrument") and (2) the Note, bearing the same date as, and secured by the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

### 490 S COTTONWOOD RD NORTHAMPTON, PA 18067
(Property Address)
the real property described being set forth as follows:

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1.  As of 04/01/2021, the amount payable under the Note and the Security Instrument (the " New Principal Balance") is U.S. $ 131,925.92 , consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2.  Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 4.875%, from 03/01/2021. Borrower promises to make monthly payments of principal and interest of U.S. $625.26 , beginning 04/01/2021, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of 4.875% will remain in effect until principal and interest are paid in full. If on 03/01/2061 (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3.    Paragraph intentionally left blank.

4.    If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

      If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

5.    Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

      (a)    all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

      (b)    all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

6.    Borrower understands and agrees that:

      (a)    All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

      (b)    All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified.  None of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

      (c)    Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

      (d)    All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, to the extent permitted by the contract and applicable law, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

**LOAN MODIFICATION AGREEMENT -Single Family- Fannie Mae UNIFORM INSTRUMENT  Modified Form 3179 1/01 (rev. 4/14)**

(e)    Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f)    Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

(g)    This Agreement does not reaffirm any pre-existing debt to the extent it was previously discharged in a bankruptcy proceeding.

(h)    "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation   that is acting solely as nominee for Lender and Lender's successors and assigns. MERS is the [Mortgagee] [Beneficiary] of record under the Security Instrument and this Agreement. MERS is organized and existing under the laws of Delaware, and has an address of P.O. Box 2026, Flint, MI 48501-2026, and a street address of 1901 Voorhees Street, Suite C, Danville, IL 61834.  The MERS telephone number is (888) 679-MERS.

7.    Paragraph intentionally left blank.

8.    By this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligation to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

9.    If your original loan documents included standard Fannie Mae/Freddie Mac Uniform Instrument provisions for escrow items, you may disregard the following paragraphs:

Borrower will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents;  (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items."  Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items.  Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time.  Any such waiver may only be in writing.  In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's

obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and Borrower shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender and Borrower can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to Borrower any Funds held by Lender.

10. If one or more riders are executed by the Borrower and recorded together with this Modification, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Modification as if the rider(s) were a part of this Modification.

    ☐ 1-4 Family Rider — Assignment of Rents
    ☐ Modification Due on Transfer Rider
    ☐ Bankruptcy Rider

11. Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or e-mail address Borrower has

provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging ☐.

## Disclaimers and Notices

This Agreement does not reaffirm any pre-existing debt to the extent it was previously discharged in a bankruptcy proceeding.

- REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK, SIGNATURE PAGES TO FOLLOW -

**BORROWER:**

By: _____Daniel L Amy_____    Date: _____2/1/2021_____
DANIEL L AMY  C94D938E5AB544E...        (Borrower)

**ACKNOWLEDGED AND ACCEPTED BY SERVICER:**

By: _____Tatiana Lesmes— AVP_____    Date: _____2/8/2021_____
Community Loan Servicing, LLC, Attorney in Fact for Fannie Mae - Lender

**LOAN MODIFICATION AGREEMENT** -Single Family- Fannie Mae **UNIFORM INSTRUMENT**  Modified Form 3179 1/01 (rev. 4/14)

*(Page 6 of 8)*

## AFFIDAVIT OF CONDOMINIUM OR HOMEOWNER'S ASSOCIATION STATUS

1. I/We, DANIEL L AMY _____, am/are the current
   owner(s) of the property located at: 490 S.cottonwood Rd Northampton Pa18067 _____
   _____.

2. The property identified in Paragraph 1 [ ] IS  [ x ] IS NOT a condominium or planned unit
   development, and [ ] IS  [ x ] IS NOT subject to assessments for condominium or homeowner's
   association dues.

3. (Complete this paragraph only if there is an Association):
   The name of the Association is _____.
   Association dues are $_____ per month, and (circle correct answer and complete as
   necessary):
       A. All payments are current as of the date of this affidavit.
                  OR
       B. Dues are delinquent in the amount of $_____


Dated this _02__ day of _01_____, 20 _21_

DocuSigned by:

_Daniel L amy_____                _____
Borrower                                       Borrower

**MARITAL STATUS FORM**
**Please Complete This Form In Its Entirety**

I, DANIEL L AMY _____, am a

(please check one)

[X] SINGLE

[ ] MARRIED    Please include date of marriage: _____ and spouse s name:
_____

[ ] DIVORCED    Please include date of divorce: _____ Recorded Quit Claim Deed
(if applicable), Divorce Decree/Final Judgment of Divorce and Settlement/Separation
Agreement

[ ] SEPARATED    Please include Recorded Quit Claim Deed (if applicable) and Separation
Agreement

[ ] WIDOWED    Please include copy of Death Certificate and Probate Documents, if any

[ ] REGISTERED DOMESTIC PARTNER and domestic partner s name: _____
_____

(please check one)

[X] MAN

[ ] WOMAN

Property address is:    490 S . Cottonwood Rd _____

Mailing address is:    Northampton,Pa 18067 _____

DocuSigned by:
_Daniel L Amy_____    Date: 2/1/2021
C94D938E5AB544E...

_____    Date: _____

## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:

    Daniel L Amy,

            Debtor,

Community Loan Servicing, LLC,

            Secured Creditor,

Daniel L Amy,

            Debtor / Respondent,

and

Scott R Waterman,

            Trustee / Respondent.

Bankruptcy No.  19-17522-pnun

Chapter 13

## CERTIFICATION OF SERVICE

    Andrew M. Lubin, Esquire counsel for Community Loan Servicing, LLC, hereby certifies that a copy of the Notice of Mortgage Payment Change was served upon the following persons via electronic transmission or by regular first-class mail, postage pre-paid on April 9, 2021, addressed as follows:

| | |
|---|---|
| Scott R Waterman, Trustee<br>Chapter 13 Trustee<br>2901 St. Lawrence Ave.<br>Suite 100<br>Reading, PA 19606<br>*via electronic transmission* | Michael J. McCrystal, Esquire<br>151 Main Street<br>Suite A<br>Emmaus, PA 18049<br>*via electronic transmission and regular mail* |
| Daniel L Amy<br>490 S. Cottonwood Road<br>Northampton, PA 18067<br>*via regular mail* | |

MILSTEAD & ASSOCIATES, LLC

DATED:  April 9, 2021

By:   /s/Andrew M. Lubin
Andrew M. Lubin, Esquire
Attorney ID No. 54297
1 E. Stow Road
Marlton, NJ 08053
(856) 482-1400
Attorneys for Secured Creditor